Common Pleas Court of Hamilton County.

## MAURICE A. THON, EXECUTOR ETC., V. THE JEWISH HOSPITAL.

Decided September 20, 1933.

*Maurice A. Thon,* for plaintiff.
*Gerrit J. Fredericks,* for defendant.

BELL, J.

This is a proceding in error to reverse a judgment of the Municipal Court of the city of Cincinnati.

The facts upon which judgment was rendered in favor of plaintiff and against the defendant below were substantially as follows:

Yetta Salman was the wife of Joseph Salman. On June 3rd (the year not being disclosed by the evidence) upon the order of her physician, she was taken to the Jewish Hospital by her daughter. She remained in the hospital until June 23rd, when she died.

The hospital bill amounted to $199.45, of which $73.25 was paid by a check of the Norwood Paint & Hardware Company, a corporation, of which the husband of the deceased was president, leaving a balance due to the hospital

of $126.20. After the death of Mrs. Salman the hospital wrote to the husband about the balance of the bill, but the same was never paid.

The deceased left some estate and Maurice A. Thon, an attorney at law, defendant below, was appointed executor. The hospital filed its claim with the executor, who rejected it, and thereupon, within the statutory period, brought the action below against the executor.

The correctness of the account was not in dispute. The facts further disclose that by the will of Yetta Salman her husband received no part of the estate, and that there was a meeting of the executor, the husband of the deceased, and at least one of the two heirs, in the Probate Court. The purpose of the meeting was for the probating of the will and the making of an election by the widower. The undisputed evidence disclosed that at that time, before making his election, the widower inquired with reference to the payment of the bills, and he and his daughter both testified Maurice A. Thon, the named executor, made the statement that all of the bills connected with the last illness and funeral expenses of the deceased would be paid out of the estate. After this statement the widower elected to take under the will.

Upon this state of facts the Municipal Court rendered a judgment in favor of the plaintiff hospital against the defendant executor for $126.20, the balance due.

The sole question is whether or not the judgment is contrary to law.

The plaintiff below contended that it had a choice of remedies and could sue either the estate or the wife. The defendant contended that medical and hospital services were items for which the husband was liable and that the balance should be collected from him and could not be collected from the estate.

The trial court took the view of the plaintiff below that the hospital had a choice of remedies and could sue either the estate or the husband. With that view this court does not agree.

It is an elementary proposition of law that a husband is liable for medical and hospital bills for his wife, unless

there is a specific contract between the wife and the person furnishing such services that she will become personally liable. If there was nothing in this case except that, the judgment of the Municipal Court of necessity should be reversed.

It is equally the established law of this state that if a judgment is correct it should not be disturbed, even though the reasons given are erroneous. Therefore, it is necessary to determine whether or not the judgment was correct.

This case against the executor is based upon, and must be decided upon the doctrine of estoppel.

The evidence clearly discloses that this husband was left nothing by the will of his wife; had he declined to take under the will he would have had, at least, a claim to a distributive share of this estate. Before making his election he inquired about the very item in question in this case and was told, according to the evidence of himself and his daughter, which was not denied by the executor, that this bill would be paid by the estate. After being so assured he elected to take under the will, which left him with no claim as to any distributive share of the estate.

Upon this state of facts the executor is now estopped to set up the claim that this husband is liable upon this account.

For this reason the court is of the opinion that the judgment below should be, and hereby is, affirmed.